Daniels, J.
The action was brought for the recovery of the value of three thousand shares of the preferred stock of the Northern Pacific Railroad Company, and the dividends received from the same, which were alleged to have been converted by the defendant to his own use. The order of arrest was made on the affidavit of the plaintiff, which set forth and stated the purchase of the shares by the defendant for the plaintiff with money furnished to him by the latter. It was further stated that the shares were left on deposit and in the possession of the defendant, and while they so remained, he received scrip dividends upon them, amounting to the sum of $33,300, that the defendant had sold the shares and had refused to deliver them, or pay over the scrip dividends to the plaintiff, but had converted the shares and the dividends to his own use. This affidavit sufficiently stated a case against the defendant to warrant the making of the order of arrest, and the only question which it is necessary now to determine is whether it was *295 not so far overcome in its weight and effect by the affidavits on behalf of the defendant, as to require the order of arrest to be vacated. For while the action was for the conversion of property, the plaintiff had no more right to subject the defendant to an unauthorized arrest, than he would if the charges upon which the order rested were not a portion of the subject-matter of the cause of action. Liddell v. Paton, 7 Hun, 195.
The defendant in his affidavit very generally denied the material statements contained in that made by the plaintiff. But its force and effect were not wholly dependent upon these general denials. For they were followed by a further and detailed statement, to the effect that the transaction between these parties out of which the controversy arose, included the previous purchase by the defendant of six thousand shares of the preferred stock of the railroad company. And that after making this purchase a proposal was made by him to the plaintiff to take a half interest in the shares, which the plaintiff consented to do; that the shares remained in this condition upon a falling market when the plaintiff became desirous of selling them. But to this it is stated, that the defendant declined to assent, and finally an agreement was made between the parties, by which the defendant took the stock off the hands of the plaintiff. And that this was the completion of the dealings between these parties concerning this stock.
Upon this affidavit alone, unsupported by anything beyond the assertion of the defendant, it may be that the order should not be set aside. But the case does not remain dependent upon this affidavit. For other proof has been produced having a tendency to corroborate the statements made by the defendant, while the plaintiff’s case depends upon the affidavit on which the order of arrest was made. For the second affidavit made in answer to the defendant’s application to have the order vacated, has added no real weight or force to the case as it was first presented. The defendant states the fact to be that the first affidavit of the plaintiff was exhibited to him before it was verified, and that in a conversation which afterwards took place between these parties, the plaintiff stated that he had not sworn to the affidavit and should not do so. And this statement is further maintained by an affidavit to the like effect made by Herbert D. Chase, the defendant’s son. The case as it was presented on behalf of the plaintiff was further met by the affidavit of Julia Platt, which seems to have been obtained and presented by the plaintiff himself. For while this affidavit states the fact to be that the defendant informed the affiant that he held 3,000 shares of the preferred stock of the railroad company as the agent of the plaintiff, it still *296 adds a further statement of the defendant to the effect, that the plaintiff had directed him to sell the shares, and that he persisted in that direction until a sale of the 3,000 shares had been made. This conversation, as well as the others mentioned in this affidavit sustaining the charge that the defendant had purchased the shares for the plaintiff, was also supported by the affidavit of Antoinette Wood. The account given of the state and condition of their business by the defendant was also supported by the affidavit of John N. Moore, who related a conversation between these parties concerning a further dealing in other stocks. And in which when the parties were present, the defendant is related to have expressed a willingness to become interested to the amount of $10,000 in connection with the plaintiff Mr. Shaughnessy, but stated that he was a little short of ready cash at the time as he was carrying quite a good deal of the preferred Northern Pacific stock, and that the plaintiff herein Mr. Shaughnessy was also carrying through him, the said Chase, an equal, or large amount of the said preferred stock, or to that effect.” It was also affirmed by the defendant that his transactions with the plaintiff were made the subject of another action upon an account in the superior court of the city of New York. But without placing any particular weight on that circumstance, as the identity of the causes of action has been denied by the plaintiff, it is quite evident that the proof concerning the alleged misconduct of the defendant decidedly preponderates in his favor. If as the affiant Platt stated the fact to be, and it seemed to have the sanction of the plaintiff himself, the shares had been sold at his own desire and under his authority, an action for their conversion could not afterwards be maintained by the plaintiff. And as the claim for such a conversion formed the larger part of the plaintiff’s cause of action, the order of arrest could not be sustained, for it is not allowed to include with a cause of action on which the party may be arrested, another upon which the law will not permit him to be held to bail. The order being bad in part is required wholly to be vacated and set aside. The same result will follow from the fact of the dealings of the parties being confined to the shares stated by the defendant to have been purchased by himself, and in which the plaintiff was afterwards with his assent allowed to participate. For if that was the arrangement between these parties, and the defendant, with the plaintiff’s assent, took the plaintiff’s interests in these shares, and closed their transactions in that manner, then there would be no cause for arrest. And that the defendant was carrying the shares for the plaintiff is sustained by the statement contained in the affidavit of Mr. Moore, and if he was simply • *297 carrying them the case does not disclose any other arrangement or understanding under which that was being done than that mentioned in the affidavit of the defendant.
As this case is presented by these affidavits it has not been made out with that degree of clearness in favor of the plaintiff as will sustain the order made for the defendant’s arrest. It was considered by the justice presiding at the special term as one of the closely controverted cases with which he ought not to interfere. But the view which appears to be best warranted by the affidavits is that considering them altogether an order of arrest should not be made upon them. But the order appealed from should be reversed, with ten dollars costs, and also disbursements, and an order entered setting aside the order of arrest.
Van Brunt, P. J., and Brady, J., concur.